**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**ROADWAY EXPRESS, INC.**

**Civ. No. 3–81–14.**

United States District Court, E. D. Tennessee, N. D.

Feb. 27, 1981.

Michale Lee Parsons, EEOC, Memphis, Tenn., R. Larry Brown, Memphis, Tenn., Hite McClean, Jr., Memphis, Tenn. (EEOC), for petitioner.

Frank P. Pinchak, Chattanooga, Tenn., for respondent.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action brought by the petitioner Equal Employment Opportunity Commission (Commission) to enforce a subpoena duces tecum issued by the Acting District Director of the Memphis District Office of the Commission. The case was referred to the Honorable Robert P. Murrian, Full-Time Magistrate, for a Report and Recommendation, which was filed by Magistrate Murrian on February 13, 1981.

Respondent Roadway Express has timely filed its objection to the Magistrate's recommendation that this Court grant enforcement of the subpoena duces tecum. Conceding that the Commission itself has the power to issue such a subpoena, Roadway argues that under the applicable statutes, it has no authority to delegate that power. It relies on *Cudahy Packing Co. v. Holland,* 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895 (1942), which held that the subpoena power could not be delegated absent express Congressional Authority.

■ We are of the opinion that the respondent's argument is not well taken, and that the Report and Recommendation of the Magistrate must be sustained. Since *Cudahy Packing Co.,* Congress passed the Reorganization Act of 1949, 5 U.S.C. §§ 901 et seq., which expressly permits reorganization plans which involve the "authorization of any officer to delegate any of his functions" where appropriate to effectuate the purposes of that Act. 5 U.S.C. § 903(a)(5). *FTC v. Gibson,* 460 F.2d 605 (5th Cir. 1972). Respondent concedes that the functions of the Secretary of Labor have been transferred to the Commission pursuant to 1978 Reorganization Plan No. 1, 42 F.R. 19807, 92 Stat. 3781. Prior to that transfer, the Secretary of Labor was authorized to delegate his statutory function to "any officer or . . . any agency or employee, of the Department of Labor." 1950 Reorganization Plan No. 6, § 2, 64 Stat. 1263. It follows that since the Secretary had the power to delegate before the transfer of functions, so does the Commission. *See* 1978 Reorganization Plan No. 1, § 2, 43 F.R. 19807. A notice of delegation was published. 44 Fed.Reg. 37974.

Accordingly, the Acting District Director had legal authority to issue the subpoena duces tecum, and it must be enforced.

■ The Court also concurs with the Recommendation of the Magistrate that this Court has no power at this time to toll the statute of limitations. The statute of limitations must be pleaded as an affirmative defense, and it is for the court before whom the case on the merits is pending to decide whether such a tolling is appropriate.

For the foregoing reasons, it is ORDERED that the Report and Recommendation of the Magistrate be, and the same hereby is, accepted, ratified and adopted.

It is further ORDERED that the respondent shall produce forthwith the records and documents listed in the subpoena duces tecum dated September 5, 1980, at the offices of the Equal Employment Opportunity Commission at Parkway Towers, Suite 1820, 404 James Robertson Parkway, Nashville, Tennessee. It is further ORDERED that petitioner's motion to toll the statute of limitations be, and the same hereby is, denied. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.